UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW AGUIRRE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEPHEN SMITH,<br><br>　　　　Respondent. | No. 2:23-cv-0930-DAD-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition on the basis that it was filed two months after the statute of limitations expired. ECF No. 7. The motion has been fully briefed by the parties. ECF Nos. 19, 20. For the reasons discussed below, the undersigned recommends denying the motion to dismiss.

**I.　　Factual and Procedural History**

Petitioner's habeas corpus application challenges his May 30, 2019 conviction in the Siskiyou County Superior Court for 26 separate counts primarily involving sex acts with minors. ECF No. 1; ECF No. 9-1 (Felony Abstract of Judgement). He was sentenced to a total term of 101 years, 4 months to life in prison.[1]  ECF No. 9-1.

---

[1] Petitioner was sentenced to a determinate term of 41 years, 4 months to be served consecutively with a separate indeterminate term of 60 years to life in prison.

1

Petitioner raises four claims for relief. He first alleges that appellate counsel was ineffective for not challenging the sufficiency of the evidence supporting various counts for which he was convicted as well as the consecutive nature of his sentence.[2] ECF No. 1 at 5-21. In claim two, petitioner raises the same sufficiency challenges to various counts for which he was convicted. ECF No. 1 at 22-23. Next, petitioner contends that the prosecutor committed misconduct by suborning perjury from one of the victims. ECF No. 1 at 24-26. Lastly, petitioner asserts that he was denied a fair trial in violation of due process because the prosecutor came forward with new evidence and witnesses against petitioner five days before trial. ECF No. 1 at 24.

### A. Direct Appeal

The California Court of Appeal affirmed petitioner's conviction on May 18, 2021. See ECF No. 9-2 (direct appeal decision). The California Supreme Court denied the petition for review on July 21, 2021. See ECF No. 9-4.

### B. State Post-Conviction Proceedings

Petitioner filed a total of six state habeas petitions challenging his Siskiyou County conviction. First, petitioner submitted a state habeas petition in the Siskiyou County Superior Court on **January 31, 2022**.[3] ECF No. 9-5. This petition was denied by order dated **April 11, 2022**. ECF No. 9-6.

On **April 1, 2022**, petitioner submitted a "Notice and Request for Ruling" along with a new 383-page state habeas petition to the Siskiyou County Superior Court.[4] ECF No. 9-7. The trial court denied his request for a ruling as moot and denied the separate habeas petition as

---

[2] Attached to the habeas petition is a letter from appellate counsel stating that "[a]ny issue that was not raised was rejected due to how the courts interpret the law in that area." ECF No. 1 at 358-359.

[3] All filing dates have been calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the prison mailbox rule to both state and federal filings by incarcerated inmates).

[4] This petition bears the same signature date as his first state habeas petition, i.e. January 31, 2022, but it was assigned a new case number by the Siskiyou County Superior Court. See ECF No. 9-7 at 3 (Case Number SCCR-HCCR 2022-321-1).

1  successive by order dated **April 13, 2022**. ECF No. 9-8 (citing to In re Clark, 5 Cal.4th 750, 767 (1993); In re Miller, 17 Cal.2d 734, 735 (1941)).

Next, petitioner filed a state habeas petition in the California Supreme Court on **May 9, 2022**. ECF No. 9-9. The California Supreme Court granted petitioner's request to withdraw this petition on **June 21, 2022**. ECF No. 9-15 at 69.

Petitioner submitted his fourth state habeas petition in the Siskiyou County Superior Court on **June 13, 2022**. ECF No. 9-11. This was denied by the trial court on **August 24, 2022**. ECF No. 9-12. In relevant part, the Siskiyou Superior Court's order denying this petition reads as follows: "There is an argument that can be made that petitioner failed to establish good cause for the delay in raising his IAC claims in a timely fashion, and thus, his petition should be denied on that ground. Also, petitioner has filed a prior Petition for Writ of Habeas Corpus, and failed to raise Ineffective Assistance of Counsel on Appeal in the prior writ filing, and thus, his petition should be denied on that ground as well. With that said, the court will address the merits of the claim for Ineffective assistance of Counsel on Appeal…. [T]his court does not find that petitioner met his burden of proof to establish that appellate counsel's performance falls below an objective standard of reasonableness under prevailing professional norms…. This court finds that petitioner failed to establish sufficient prejudice to justify relief." ECF No. 9-12 at 1.

Petitioner's fifth state habeas petition was filed in the California Court of Appeal, Third Appellate District, on **October 19, 2022**.[5] ECF No. 9-13 (Appellate Case Number C097193). Interestingly, this petition contains two earlier decisions by the California Court of Appeal in petitioner's case. The California Court of Appeal, First Appellate District issued an order on **May 16, 2022** denying petitioner's habeas corpus application "without prejudice to the filing of a new petition in the California Court of Appeal, Third Appellate District." ECF No. 9-13 at 67 (Order in Case Number A165183). An online search of the Appellate Courts Case Information

---

[5] This petition bears an earlier file stamp dated October 13, 2022 from the Clerk of the Court of Appeal, Third Appellate District, indicating that it was returned on October 14, 2022 to the petitioner because it did not contain an original verification. ECF No. 9-13 at 1; see also ECF No. 9-15 at 71 (letter from California Court of Appeal Clerk returning the state habeas petition unfiled). The subsequent file stamps on this petition indicate that it was properly filed with the California Court of Appeal on October 24, 2022. Id.

database reveals that this habeas petition was filed on the same day that it was denied, **May 16, 2022**.[6] See https://tinyurl.com/yc2pf2d8.  In a separate appellate case, the California Court of Appeal, First Appellate District, denied petitioner's habeas corpus application without prejudice to the filing of a new petition in the California Court of Appeal, Third Appellate District on **September 20, 2022**."  ECF No. 9-13 at 70 (Appellate Case Number A166119).  This state habeas petition was filed on **September 16, 2022**.  See https://tinyurl.com/4apezfav (California Appellate Courts Case Information).[7]  Petitioner's fifth state habeas petition was denied by the California Court of Appeal, Third Appellate District, in an unreasoned decision on **November 7, 2022**.  ECF No. 9-14 (Appellate Case Number C097193).

Lastly, petitioner filed a state habeas petition in the California Supreme Court on **November 16, 2022**.  ECF No. 9-15.  This petition was denied by the California Supreme Court on **March 15, 2023**.  ECF No. 9-16.  Instead of submitting a copy of the decision, respondent merely submits a copy of the Appellate Courts Case Information docket sheet.  ECF No. 9-16.  Therefore, the court has insufficient information to determine the basis for the California Supreme Court's decision.

**II.    Motion to Dismiss**

In the motion to dismiss, respondent calculates that petitioner filed the instant habeas corpus application more than two months after the statute of limitations expired.  According to respondent, petitioner's conviction became final on October 19, 2021 following the expiration of the 90 day period to seek certiorari review in the Supreme Court.  The one year statute of limitations started the next day, October 20, 2021.  Once petitioner filed his first state habeas petition, on January 31, 2022, the statute of limitations was statutorily tolled.  It remained tolled until June 21, 2022 when petitioner withdrew his third state habeas petition in the California

---

[6] The court is unable to apply the prison mailbox rule to determine the constructive filing date of this petition based on the present record.

[7] The court points out these additional state habeas petitions not because they affect the calculation of the statute of limitations, but because the state lodged documents filed by respondent are incomplete in this case.  Rule 5(d) of the Rules Governing Section 2254 Cases requires respondent to file "any brief that the petitioner submitted in an appellate court contesting the conviction or sentence… [and] the opinions and dispositive orders of the appellate court…."

1  Supreme Court.  The statute of limitations re-started the next day.  Respondent argues that
2  petitioner is not entitled to any additional statutory tolling because his fourth state habeas petition
3  was denied as untimely filed by the Siskiyou County Superior Court.  ECF No. 7-12.  Based on
4  the "look through" doctrine announced in Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991),
5  respondent submits that the subsequent silent denials of petitioner's fifth and sixth state habeas
6  were also denied on the basis of untimeliness.  ECF No. 7 at 6.  Absent any statutory tolling
7  between June 13, 2022, when his fourth state habeas petition was filed, and March 15, 2023,
8  when his sixth state habeas petition was denied by the California Supreme Court, the statute of
9  limitations expired on March 10, 2023.  Thus, petitioner's § 2254 habeas application filed on May
10 15, 2023 was filed over two months late and should be dismissed with prejudice based on
11 respondent's analysis.

12      In his opposition, petitioner argues that his "ability to complete a writ was almost
13 nonexistent" after his direct appeal was denied because it was "right in the middle of the COVID-
14 19 pandemic."  ECF No. 19 at 1.  Petitioner requests "leniency" on this basis and states that he
15 was diligently pursuing state post-conviction relief despite the COVID-19 pandemic.  ECF No. 19
16 at 4.  During this time period, petitioner's access to legal material was either non-existent or "very
17 limited" at best.  ECF No. 19 at 1.  With regard to statutory tolling, petitioner rather strangely
18 argues that his first three state habeas petitions were not properly filed so "none of them tolled
19 [the] time for [a] federal writ."  Id. at 3.  Petitioner submits that the statute of limitations was
20 tolled during the pendency of his fourth through sixth state habeas petitions because there was no
21 gap longer than 30 days between these filings.  Id.  Based on petitioner's calculation, 237 days of
22 the federal statute of limitations ran between the date his conviction became final and the filing of
23 his fourth state habeas petition on June 13, 2022.  Id.  Another 61 days ran between March 15,
24 2021 and the date he filed the instant § 2254 petition on May 15, 2023, rendering it timely filed.
25 Id.

26      By way of reply, respondent acknowledges that petitioner's opposition is best considered
27 as a request for equitable tolling of the statute of limitations based on his limited access to legal
28 materials.  ECF No. 20 at 1.  However, respondent argues that petitioner has not demonstrated

5

either extraordinary circumstances or diligence to be entitled to equitable tolling. According to respondent, petitioner has not explained how his lack of access to legal resources actually prevented the timely filing of the instant § 2254 petition. ECF No. 20 at 3.

### III. Legal Standards

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates, which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 .S.C. § 2244(d)(1).

The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

### IV. Analysis

The parties agree, and the court so finds, that petitioner's conviction became final on October 19, 2021 after the time to seek certiorari review from the Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). The statute of limitations started on the next day and expired one year later on October 19, 2022, absent any statutory or equitable tolling. See Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (using the

6

anniversary method of Rule 6(a) of the Federal Rules of Civil Procedure for calculating the statute of limitations).

The undersigned further finds that the statute of limitations ran from October 20, 2021 until January 31, 2022, when petitioner filed his first state habeas petition. This equates to a total of 103 of the 365 days of the limitations period. Petitioner is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) starting on January 31, 2022 based on his properly filed state habeas corpus petition. Respondent concedes that statutory tolling is available until June 21, 2022, when petitioner's third state habeas corpus application in the California Supreme Court was withdrawn. See ECF No. 7 at 5.

The only remaining issue before the court is whether petitioner is entitled to additional statutory tolling during the pendency of his fourth through sixth state habeas petitions. Respondent argues that the statute of limitations was not tolled during this time because the Siskiyou County Superior Court denied the fourth state habeas petition as untimely. However, a fair representation of the record in this case shows that the Siskiyou Superior Court merely acknowledged that an argument could be made about untimeliness. That court ultimately made specific rulings that petitioner's claim that appellate counsel was ineffective failed under both prongs of the Strickland v. Washington, 466 U.S. 668 (1984), standard. ECF No. 9-12 at 1; but see Carey v. Saffold, 536 U.S. 214, 226 (2002) (explaining in dicta that "[i]f the California Supreme Court had clearly ruled that Saffold's 4 1/2 -month delay was 'unreasonable,' that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits").[8] In light of the fact that the state habeas court denied relief on the merits, petitioner is entitled to statutory tolling during the pendency of his fourth state habeas petition.

---

[8] The undersigned emphasizes that the Supreme Court's statement in Carey was dicta because the court was only asked to decide if a California state habeas petition was pending during the gaps between successive filings in state court. Even respondent acknowledges that gap tolling is not an issue in this case. See ECF No. 7 at 4 (stating that "Respondent declines to argue that a gap of 120 days or less falls outside of 'pending' as Saffold interprets that terms.").

7

For the same reason, applying the Ylst "look through" doctrine does not show, as respondent suggests, that the subsequent silent denials by the California Court of Appeal (fifth state habeas petition) and the California Supreme Court (sixth state habeas petition) were based on untimeliness. There was no untimeliness ruling at the Superior Court that the "look through" doctrine would reach and impute to those higher courts.[9] Moreover, since respondent does not suggest, much less argue, that petitioner unreasonably delayed between the denial of his fourth state habeas petition and the filing of his subsequent petitions, gap tolling also applies. Based on the court's analysis, petitioner is entitled to statutory tolling until March 15, 2023—when the California Supreme Court denied petitioner's sixth state habeas corpus application—because his fifth and sixth petitions were "properly filed." See 28 U.S.C. § 2244(d)(2).

The statute of limitations re-started on March 16, 2023 with 262 days remaining on the clock. Petitioner's § 2254 petition filed 61 days later on May 15, 2023 was thus timely. In light of this conclusion and in the interests of judicial economy, the undersigned finds it unnecessary to address petitioner's request for equitable tolling.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 7) be denied and that they be directed to file an answer to petitioner's § 2254 application.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

---

[9] The court additionally rejects respondent's use of the Ylst "look through" doctrine to the California Supreme Court's denial of petitioner's sixth state habeas application because it did not include a copy of the actual decision as part of the state lodged documents. ECF No. 9-16. Respondent merely submitted a copy of the California Supreme Court online docket. This is not sufficient evidence of the California Supreme Court's legal basis for its ruling.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE